UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **COREY DARNELL MCKAY** **#326162** | **CIVIL ACTION NO. 07-1531-LC** |
| VS. | SECTION P |
| **GEO GROUP, INC., ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Corey McKay on September 13, 2007. Plaintiff is currently incarcerated at Allen Correctional Center (ACC), in Kinder, Louisiana, and complains of events which are alleged to have occurred at that facility. As defendants, the plaintiff names the GEO Group, Inc. (GEO), ACC Warden Terry Terrell, ACC head of food services Lory Morehead, the Louisiana Department of Public Safety & Corrections secretary Richard Stalder, and Stickney & Poor Spice Company. As relief, plaintiff seeks compensatory damages or/or partial ownership of GEO, as well as transfer to another prison.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his complaint, plaintiff alleges that since February 21, 2007 (the date that he was put on a diet), he has been served jelly which contains saccharin. He claims that saccharin is

hazardous to his health, and that the jelly label has a warning supporting his assertion. Plaintiff states that he informed defendants Terrell and Morehead about the situation and was told, "that they don't make the jelly they just serve it...to take it up with the company that made the jelly...to take it up with GEO because they own the prison...." (Doc. 1-1, pp. 3 & 4).

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving

plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

**II. 42 U.S.C. §1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The basis of plaintiff's complaint is that he has been subjected to an unconstitutional condition of confinement while incarcerated at ACC, namely being fed food containing saccharin. Plaintiff states that ingesting saccharin is hazardous to his health. While the Constitution does not mandate incarcerated persons be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Encompassed within the notion of "humane conditions of confinement," are assurances that prisoners will receive adequate food, shelter, clothing and medical care, and that prison officials will "take reasonable measures to guarantee the safety of

the inmates." *Farmer*, 511 U.S. at 832(quoting, *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the plaintiff must allege a sufficiently serious deprivation and that the defendants acted with deliberate indifference to his health and safety. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991); *Farmer*, 511 U.S. at 834.

The conditions of confinement about which plaintiff complains do not satisfy the standard enunciated above. The manufacture and consumption of saccharin is not prohibited in the United States. Nor is there any indication that he is being forced to consume the jelly which he clearly knows contains the sweetener. Plaintiff's belief that saccharin has possible adverse effects on health certainly does not give rise to an Eighth Amendment violation. Plaintiff's allegations are speculative and conclusory and do not shown a deprivation of the minimal civilized measure of life's necessities. Thus, his claims do not constitute cruel and unusual punishment. Further, nothing that plaintiff has alleged demonstrates the existence of deliberate indifference on the part of the defendants so as to state a Section 1983 claim. Serving jelly containing saccharin simply does not constitute the unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

### III. Request for Transfer

In an attachment to his complaint, plaintiff requests a transfer from ACC to another prison facility. [Doc. 1-1]. Prisoners do not have a constitutionally derived liberty interest in being held in any particular institution. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d

813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Accordingly, plaintiff is not entitled to a transfer to another correctional facility.

To the extent that plaintiff seeks a transfer because of alleged mistreatment as result of filing this civil rights action, the court notes that plaintiff has failed to allege facts to support a claim of retaliation.

The Fifth Circuit has repeatedly emphasized, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *Woods v. Smith*, 60 F.3d at 1166. To state a claim of retaliation, a prisoner must allege "more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999); see also *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084(1996)). Plaitniff fails to offer anything more than his conclusory allegations in support of his claim.

## IV.  Three Strikes Warning

Plaintiff has had two previous civil actions dismissed as frivolous. See, *McKay v. Cain, Et Al,* 03-713, and *McKay v. Terrebonne Parish Sheriff's Office Through Sheriff Jerry Larpenter,* 06-5770. After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous. Thus, the instant recommended dismissal will constitute a third strike against plaintiff pursuant to 28 U.S.C. § 1915. The rules and

procedures applicable to the granting of *in forma pauperis* status to inmates in cases brought pursuant to 42 U.S.C. §1983 are set forth in 28 U.S.C. §1915. This statute provides in part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. §1915(g).

A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, but he must do so without the aid of the *in forma pauperis* procedures. *Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir.1996). Thus, plaintiff is put on notice that should this matter be dismissed as frivolous as recommended, he will be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury. *Id.*

**ACCORDINGLY,**

**IT IS RECOMMENDED** that all claims brought by plaintiff herein be **DISMISSED WITH PREJUDICE** as frivolous and fail to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** plaintiff's request for transfer be denied.

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc.72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation

to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 29, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE